UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STERLING BANK, a Division of Synovus Bank, a Georgia banking corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JOSEPH L. HERROD, an individual, A. CHANDLER MULLER II, an individual, CHARLES D. WOOLDRIDGE, an individual, DONALD P. BROBST, an individual, BROBST MEDICAL, INC., an Alabama corporation, CHANDLER & ALECIA, INC., an Alabama corporation, and SUSAN M. WOOLDRIDGE, an individual | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION No. 2:15cv540-MHT (WO)

## FIRST AMENDED COMPLAINT

Sterling Bank, a Division of Synovus Bank (the "Plaintiff" or "Sterling Bank"), files its first amended complaint against Joseph L. Herrod, A. Chandler Muller II, Charles D. Wooldridge, Donald P. Brobst, Brobst Medical, Inc., Chandler & Alecia, Inc., and Susan M. Wooldridge (collectively, the "Defendants") and complains as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Sterling Bank, is a Division of Synovus Bank, which is a Georgia banking corporation that has its principal place of business located in Columbus, Georgia. Plaintiff is a citizen of the State of Georgia.

2. Defendant, Joseph L. Herrod, is an individual over the age of nineteen (19) years and a resident of West Palm Beach, Florida. He is a citizen of the State of Florida.

3. Defendant, A. Chandler Muller II, is an individual over the age of nineteen (19) years and a resident of Montgomery, Alabama. He is a citizen of the State of Alabama.

4. Defendant, Charles D. Wooldridge, is an individual over the age of nineteen (19) years and a resident of Millbrook, Alabama. He is a citizen of the State of Alabama.

5. Defendant, Donald P. Brobst, is an individual over the age of nineteen (19) years and a resident of Birmingham, Alabama. He is a citizen of the State of Alabama.

6. Defendant, Brobst Medical, Inc., is an Alabama corporation that has its principal place of business located in Hoover, Alabama. It is a citizen of the State of Alabama.

7. Defendant, Chandler & Alecia, Inc., is an Alabama corporation that has its principal place of business located in Montgomery, Alabama. It is a citizen of the State of Alabama.

8. This is an action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because certain of the Defendants reside in this judicial district and all of the Defendants reside in Alabama and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims against the Defendants occurred in this judicial district.

## GUARANTIES OF OBLIGATIONS OWED BY PRIMED PHYSICIANS, INC.

*PriMed Physicians, Inc. Note*

10. On February 17, 2015, PriMed Physicians, Inc. ("PriMed"), executed a Universal Note and Security Agreement bearing loan number XXXXXXX16/15 to Sterling Bank in the face amount of $838,900.00 (the "PriMed Note"). A true and correct copy of the PriMed Note is

attached hereto as **Exhibit "A."** It is four (4) pages long and, on the fourth page in the paragraph titled "Collection Costs and Attorney's Fees," the note provides that the borrower agrees to pay all reasonable collection costs incurred by Sterling Bank to collect the note, including attorneys' fees equal to fifteen percent (15%) of the unpaid debt.

*PriMed Physicians, Inc. Credit Card Agreement*

11. On January 23, 2012, PriMed executed a Visa Corporate Credit Card Application to Sterling Bank (the "PriMed Credit Card Agreement"). A true and correct copy of the PriMed Credit Card Agreement is attached hereto as **Exhibit "B."** It is three (3) pages long and, on the first page in the paragraph that begins "TO SYNOVUS BANK, COLUMBUS GEORGIA," the agreement provides in part (3) that PriMed shall be liable "for the payment of debt incurred through use of the [credit] cards."

*Guaranty Agreements Regarding PriMed Note and PriMed Credit Card Agreement*

12. Joseph L. Herrod executed a Guaranty to personally guarantee the payment and performance of PriMed's obligations to Sterling Bank. These obligations include the PriMed Note and the PriMed Credit Card Agreement. A true and correct copy of the Guaranty is attached hereto as **Exhibit "C."** It is four (4) pages long. In paragraph four (4) on the second page, it provides that the amount of the guaranty is unlimited; in paragraph five (5) on the second page, it provides that the guarantor agrees to pay all collection costs and expenses incurred by Sterling Bank to enforce the guaranty, including reasonable attorneys' fees.[1]

13. A. Chandler Muller II executed a Guaranty to personally guarantee the payment and performance of PriMed's obligations to Sterling Bank. These obligations include the PriMed Note and the PriMed Credit Card Agreement. A true and correct copy of the Guaranty is

---

[1] Unlike the PriMed Note, the guaranty agreements for the note do NOT limit the amount of attorneys' fees that may be recovered by the Plaintiff to 15% of the unpaid debt.

attached hereto as **Exhibit "D."** It is four (4) pages long. In paragraph four (4) on the second page, it provides that the amount of the guaranty is unlimited; in paragraph five (5) on the second page, it provides that the guarantor agrees to pay all collection costs and expenses incurred by Sterling Bank to enforce the guaranty, including reasonable attorneys' fees.

14. Charles D. Wooldridge executed a Guaranty to personally guarantee the payment and performance of PriMed's obligations to Sterling Bank. These obligations include the PriMed Note and the PriMed Credit Card Agreement. A true and correct copy of the Guaranty is attached hereto as **Exhibit "E."** It is four (4) pages long. In paragraph four (4) on the second page, it provides that the amount of the guaranty is unlimited; in paragraph five (5) on the second page, it provides that the guarantor agrees to pay all collection costs and expenses incurred by Sterling Bank to enforce the guaranty, including reasonable attorneys' fees.

15. Donald P. Brobst executed a Guaranty to personally guarantee the payment and performance of PriMed's obligations to Sterling Bank. These obligations include the PriMed Note and the PriMed Credit Card Agreement. A true and correct copy of the Guaranty is attached hereto as **Exhibit "F."** It is two (2) pages long. In paragraph four (4) on the first page, it provides that the amount of the guaranty is unlimited; in paragraph five (5) on the first page, it provides that the guarantor agrees to pay all collection costs and expenses incurred by Sterling Bank to enforce the guaranty, including reasonable attorneys' fees.

16. Brobst Medical, Inc. executed a Guaranty to personally guarantee the payment and performance of PriMed's obligations to Sterling Bank. These obligations include the PriMed Note and the PriMed Credit Card Agreement. A true and correct copy of the Guaranty is attached hereto as **Exhibit "G."** It is four (4) pages long. In paragraph four (4) on the first page, it provides that the amount of the guaranty is unlimited; in paragraph five (5) on the second

page, it provides that the guarantor agrees to pay all collection costs and expenses incurred by Sterling Bank to enforce the guaranty, including reasonable attorneys' fees.

17. Chandler & Alecia, Inc. executed a Guaranty to personally guarantee the payment and performance of PriMed's obligations to Sterling Bank. These obligations include the PriMed Note and the PriMed Credit Card Agreement. A true and correct copy of the Guaranty is attached hereto as **Exhibit "H."** It is four (4) pages long. In paragraph four (4) on the first page, it provides that the amount of the guaranty is unlimited; in paragraph five (5) on the second page, it provides that the guarantor agrees to pay all collection costs and expenses incurred by Sterling Bank to enforce the guaranty, including reasonable attorneys' fees.

*Default by Guarantors*

18. The PriMed Note matured by its own terms on May 17, 2015. PriMed is in default under the PriMed Note because it has failed to remit full payment of the amount due to Sterling Bank following maturity of the PriMed Note. PriMed also filed Chapter 7 bankruptcy case number 15-31827-WSS-7 in the U.S. Bankruptcy Court for the Middle District of Alabama on July 8, 2015. This created another event of default under the PriMed Note pursuant to subpart five (5) of the paragraph titled "Default" on page four (4) of the note, which provides that a bankruptcy filing by the borrower constitutes a default.

19. PriMed is in default under the Credit Card Agreement because it has failed to remit payments due to Sterling Bank.

20. Joseph L. Herrod, A. Chandler Muller II, Charles D. Wooldridge, Donald P. Brobst, Brobst Medical, Inc., Chandler & Alecia, Inc. are each in default under their respective Guaranty agreements because they have failed to remit full payment of the amounts due under the PriMed Note and the PriMed Credit Card Agreement to Sterling Bank.

21. As of July 22, 2015, each of the guarantors was obligated to Sterling Bank regarding the PriMed Note in the principal amount of not less than $798,295.96, plus accrued interest of $7,816.87, and late fees of $500.00, for a total of $806,612.83. They were further obligated to Sterling Bank for per diem interest going forward from July 23, 2015 in the amount of $94.24 per day, plus reasonable attorneys' fees and costs.

22. As of July 22, 2015, each of the guarantors was obligated to Sterling Bank regarding the PriMed Credit Card Agreement in the amount of $5,208.39. They were further obligated to Sterling Bank for per diem interest going forward from July 23, 2015, plus reasonable attorneys' fees and costs.

<u>GUARANTIES OF LOAN TO CENTRAL ALABAMA PRIMARY CARE SPECIALISTS, LLP</u>

*Central Alabama Primary Care Specialists, LLLP Note*

23. On December 22, 2014, Central Alabama Primary Care Specialists, LLLP ("Central Alabama"), executed a Universal Note bearing loan number XXXXXXX42/10 to Sterling Bank in the face amount of $1,250,000.00 (the "Central Alabama Note"). A true and correct copy of the Central Alabama Note is attached hereto as **Exhibit "I-1."** It is two (2) pages long and, on the second page in the paragraph titled "Collection Costs and Attorney's Fees," the note provides that the borrower agrees to pay all reasonable collection costs incurred by Sterling Bank to collect the note, including attorneys' fees.[2] Central Alabama executed a Signature Addendum to the Central Alabama Note to add the signature of Joseph Herrod to the Central Alabama Note. A true and correct copy of the Signature Addendum is attached hereto as **Exhibit "I-2"**

---

[2] Unlike the PriMed Note, this note does NOT limit the amount of attorneys' fees that may be recovered by the Plaintiff to 15% of the unpaid debt.

*Guaranty Agreements Regarding Central Alabama Note*

24. Joseph L. Herrod executed a Guaranty to personally guarantee the payment and performance of Central Alabama's obligations to Sterling Bank. This includes the Central Alabama Note. A true and correct copy of the Guaranty is attached hereto as **Exhibit "J."** It is four (4) pages long. In paragraph four (4) on the first page, it provides that the amount of the guaranty is unlimited; in paragraph five (5) on the second page, it provides that the guarantor agrees to pay all collection costs and expenses incurred by Sterling Bank to enforce the guaranty, including reasonable attorneys' fees.[3]

25. A. Chandler Muller II executed a Guaranty to personally guarantee the payment and performance of Central Alabama's obligations to Sterling Bank. This includes the Central Alabama Note. A true and correct copy of the Guaranty is attached hereto as **Exhibit "K."** It is four (4) pages long. In paragraph four (4) on the first page, it provides that the amount of the guaranty is limited to the principal amount of $1,250,000.00, plus accrued interest, attorneys' fees, and collection costs; in paragraph five (5) on the second page, it provides that the guarantor agrees to pay all collection costs and expenses incurred by Sterling Bank to enforce the guaranty, including reasonable attorneys' fees.

26. Charles D. Wooldridge executed a Guaranty to personally guarantee the payment and performance of Central Alabama's obligations to Sterling Bank. This includes the Central Alabama Note. A true and correct copy of the Guaranty is attached hereto as **Exhibit "L."** It is four (4) pages long. In paragraph four (4) on the first page, it provides that the amount of the guaranty is limited to the principal amount of $1,250,000.00, plus accrued interest, attorneys' fees, and collection costs; in paragraph five (5) on the second page, it provides that the guarantor

---

[3] Like the Central Alabama Note, the guaranty agreements for the note do NOT limit the amount of attorneys' fees that may be recovered by the Plaintiff to 15% of the unpaid debt.

agrees to pay all collection costs and expenses incurred by Sterling Bank to enforce the guaranty, including reasonable attorneys' fees.

27. Donald P. Brobst executed a Guaranty to personally guarantee the payment and performance of Central Alabama's obligations to Sterling Bank. This includes the Central Alabama Note. A true and correct copy of the Guaranty is attached hereto as **Exhibit "M"** It is four (4) pages long. In paragraph four (4) on the first page, it provides that the amount of the guaranty is limited to the principal amount of $1,250,000.00, plus accrued interest, attorneys' fees, and collection costs; in paragraph five (5) on the second page, it provides that the guarantor agrees to pay all collection costs and expenses incurred by Sterling Bank to enforce the guaranty, including reasonable attorneys' fees.

*Default by Guarantors*

28. Sterling Bank declared the Central Alabama Note in default pursuant to subpart seven (7) of the paragraph titled "Default" on page two (2) of the note. In that subpart, Central Alabama agreed to the following: "I will be in default if any one or more of the following occur: (7) I do or fail to do something which causes you to believe that you will have difficulty collecting the amount I owe you." This is commonly known as a "deemed insecure" clause. After Sterling Bank declared the Central Alabama Note in default under this provision, Central Alabama filed Chapter 7 bankruptcy case number 15-31828-WSS-7 in the U.S. Bankruptcy Court for the Middle District of Alabama on July 8, 2015. This created another event of default under the Central Alabama Note pursuant to subpart five (5) of the paragraph titled "Default" on page two (2) of the note, which provides that a bankruptcy filing by the borrower constitutes a default.

29. Joseph L. Herrod, A. Chandler Muller II, Charles D. Wooldridge, and Donald P. Brobst are each in default under their respective Guaranty agreements because they have failed to remit full payment of the amount due under the Central Alabama Note to Sterling Bank. Due to these defaults, as of July 22, 2015, each of the guarantors was obligated to Sterling Bank in the principal amount of not less than $1,162,192.06, plus accrued interest of $1,929.89, and late fees of $500.00, for a total of $1,164,621.95. They were further obligated to Sterling Bank for per diem interest going forward from July 23, 2015 in the amount of $137.85, plus reasonable attorneys' fees and costs.

## LOAN TO CHARLES E. WOOLDRIDGE AND GUARANTY

30. On August 15, 2013, Charles D. Wooldridge executed a Universal Note and Security Agreement bearing loan number XXXXXXX28/10 to Sterling Bank in the face amount of $337,000.00 (the "Wooldridge Note"). A true and correct copy of the Wooldridge Note is attached hereto as **Exhibit "N."** It is four (4) pages long and, on the fourth page in the paragraph titled "Collection Costs and Attorney's Fees," the note provides that the borrower agrees to pay all reasonable collection costs incurred by Sterling Bank to collect the note, including attorneys' fees equal to fifteen percent (15%) of the unpaid debt.

*Guaranty Agreement Regarding Wooldridge Note*

31. Susan M. Wooldridge executed a Guaranty to personally guarantee the payment and performance of Charles D. Wooldridge's obligations to Sterling Bank under the Wooldridge Note. A true and correct copy of the Guaranty is attached hereto as **Exhibit "O."** It is two (2) pages long. In paragraph four (4) on the first page, it provides that the amount of the guaranty is unlimited; in paragraph five (5) on the first page, it provides that the guarantor agrees to pay all

collection costs and expenses incurred by Sterling Bank to enforce the guaranty, including reasonable attorneys' fees.[4]

*Default by Borrower and Guarantor*

32. Charles D. Wooldridge is in default under the Wooldridge Note because he has failed to remit payments due to Sterling Bank.

33. Susan M. Wooldridge is in default under her Guaranty agreement because she has failed to remit full payment of the amount due under the Wooldridge Note to Sterling Bank. Due to these defaults, as of July 22, 2015, Charles D. Wooldridge and Susan M. Wooldrige were each obligated to Sterling Bank in the principal amount of not less than $269,953.33, plus accrued interest of $3,307.86, and late fees of $476.06, for a total of $273,737.25. They were further obligated to Sterling Bank for per diem interest going forward from July 23, 2015 in the amount of $33.74, plus reasonable attorneys' fees and costs.

## COUNT I

### BREACH OF GUARANTY AGREEMENTS BY JOSEPH L. HERROD, A. CHANDLER MULLER II, CHARLES D. WOOLDRIDGE, DONALD P. BROBST, BROBS MEDICAL, INC., AND CHANDLER & ALECIA, INC. REGARDING PRIMED NOTE

34. The Plaintiff realleges and reavers the allegations above as if fully set out herein.

WHEREFORE, the Plaintiff, Sterling Bank, a Division of Synovus Bank, demands judgment against the Defendants, Joseph L. Herrod, A. Chandler Muller II, Charles D. Wooldridge, Donald P. Brobst, Brobst Medical, Inc., and Chandler & Alecia, Inc., for money damages regarding the breach of their Guaranty agreements concerning the PriMed Note in the total amount of $806,612.83 each, plus per diem interest going forward from July 23, 2015 in the amount of $94.24, plus reasonable attorneys' fees and costs.

---

[4] Unlike the Wooldridge Note, the guaranty agreement for the note does NOT limit the amount of attorneys' fees that may be recovered by the Plaintiff to 15% of the unpaid debt.

## COUNT II

### BREACH OF GUARANTY AGREEMENTS BY JOSEPH L. HERROD, A. CHANDLER MULLER II, CHARLES D. WOOLDRIDGE, DONALD P. BROBST, BROBS MEDICAL, INC., AND CHANDLER & ALECIA, INC. REGARDING PRIMED CREDIT CARD AGREEMENT

35. The Plaintiff realleges and reavers the allegations above as if fully set out herein.

WHEREFORE, the Plaintiff, Sterling Bank, a Division of Synovus Bank, demands judgment against the Defendants, Joseph L. Herrod, A. Chandler Muller II, Charles D. Wooldridge, Donald P. Brobst, Brobst Medical, Inc., and Chandler & Alecia, Inc., for money damages regarding the breach of their Guaranty agreements concerning the PriMed Credit Card Agreement in the total amount of $5,208.39 each, plus per diem interest going forward, plus reasonable attorneys' fees and costs.

## COUNT III

### BREACH OF GUARANTY AGREEMENTS BY JOSEPH L. HERROD, A. CHANDLER MULLER II, CHARLES D. WOOLDRIDGE, AND DONALD P. BROBST REGARDING CENTRAL ALABAMA NOTE

36. The Plaintiff realleges and reavers the allegations above as if fully set out herein.

WHEREFORE, the Plaintiff, Sterling Bank, a Division of Synovus Bank, demands judgment against the Defendants, Joseph L. Herrod, A. Chandler Muller II, Charles D. Wooldridge, and Donald P. Brobst, for money damages regarding the breach of their Guaranty agreements concerning the Central Alabama Note in the total amount of $1,164,621.95 each, plus per diem interest going forward from July 23, 2015 in the amount of $137.85, plus reasonable attorneys' fees and costs.

## COUNT IV

### BREACH OF CONTRACT BY CHARLES D. WOOLDRIDGE
### REGARDING THE WOOLDRIDGE NOTE

37. The Plaintiff realleges and reavers the allegations above as if fully set out herein.

WHEREFORE, the Plaintiff, Sterling Bank, a Division of Synovus Bank, demands judgment against the Defendant, Charles D. Wooldridge, for money damages regarding his breach of the Wooldridge Note in total amount of $273,737.25, plus per diem interest going forward from July 23, 2015 in the amount of $33.74, plus reasonable attorneys' fees and costs.

## COUNT V

### BREACH OF GUARANTY BY SUSAN M. WOOLDRIDGE
### REGARDING THE WOOLDRIDGE NOTE

38. The Plaintiff realleges and reavers the allegations above as if fully set out herein.

WHEREFORE, the Plaintiff, Sterling Bank, a Division of Synovus Bank, demands judgment against the Defendant, Susan M. Wooldridge, for money damages regarding the breach of her Guaranty of the Wooldridge Note in total amount of $273,737.25, plus per diem interest going forward from July 23, 2015 in the amount of $33.74, plus reasonable attorneys' fees and costs.

/s/ Bradley R. Hightower
Daniel D. Sparks (ASB-8526-S79D)
Bradley R. Hightower (ASB-8981-B57H)
Attorneys for Sterling Bank, a Division of Synovus Bank

**OF COUNSEL**

Christian & Small, LLP
1800 Financial Center
505 20th Street North
Birmingham, Alabama 35203
Email: ddsparks@csattorneys.com
Email: brhightower@csattorneys.com
Phone: (205) 795-6588
Fax: (205) 328-7234

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing upon the parties listed below, via Certified Mail, properly addressed and postage paid, on this the 25th day of August , 2015

**Joseph L. Herrod**
1275 Pebble Ridge Lane
West Palm Beach, Florida 33411

**A. Chandler Muller II**
2524 Woodley Road
Montgomery, Alabama 36111

**Charles D. Wooldridge**
742 McKeithen Place
Millbrook, Alabama 36054

**Donald P. Brobst**
1230 Greystone Crest
Birmingham, Alabama 35242

**Brobst Medical, Inc.**
Attn: Donald P. Brobst, Registered Agent
1230 Greystone Crest
Birmingham, Alabama 35242

**Chandler & Alecia, Inc.**
Attn: A. Chandler Muller II, Registered Agent
2524 Woodley Road
Montgomery, Alabama 36111

**Susan M. Wooldridge**
742 McKeithen Place
Millbrook, Alabama 36054

**Bruce Rogers**
Bainbridge, Mims
The Luckie Building, Suite 415
600 Luckie Drive
Birmingham, AL 35223

**Lee Benton**
Benton & Centeno
2019 3rd Avenue North
Birmingham, AL 35203

/s/ Daniel D. Sparks
Daniel D. Sparks (ASB-8526-S79D)
Bradley R. Hightower (ASB-8981-B57H)