IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| STERLING BANK, a Division of Synovus Bank, a Georgia banking corporation, )<br><br>Plaintiff, )<br><br>v. )<br><br>JOSEPH L. HERROD, an individual, BROBST MEDICAL, INC., an Alabama corporation, and CHANDLER & ALECIA, INC., an Alabama corporation, )<br><br>Defendants. ) | CIVIL ACTION NO.<br>2:15cv540-MHT<br>(WO) |

OPINION

This is the second of two opinions. Plaintiff Sterling Bank, a division of Synovus Bank, filed this lawsuit against defendants Joseph L. Herrod, Brobst Medical, Inc., and Chandler & Alecia, Inc., bringing multiple state-law claims arising from, as relevant here, the defendants' alleged breach of agreements to guarantee payment of a promissory note and a credit card entered into by Primed Physicians, Inc. Jurisdiction is proper pursuant to 28 U.S.C. § 1332

(diversity). This lawsuit is now before the court on Sterling Bank's motions for default judgment against two defendants: Brobst Medical and Chandler & Alecia. As the motions and relevant facts are essentially identical, the court will address both motions together. For the reasons below, the motions will be granted.

Defendants Brobst Medical and Chandler & Alecia each received a copy of the complaint and waived formal service of the summons and complaint on September 9, 2015. See Waiver of Brobst Medical, Inc. (doc. no. 8); Waiver of Chandler & Alecia, Inc. (doc. no. 9). Sterling Bank applied for entry of default against them on November 5, 2015, and the clerk of court entered the requested default against each on November 12, 2015. On November 17, 2015, Sterling Bank filed the instant motions for default judgment. In both motions, the bank requests entry of a judgment in the aggregate amount of $ 847,433.27, plus court costs. This amount includes the principal amounts on the defaulted note

and credit-card debt, plus accrued interest, late fees, and attorneys' fees.

Attached to both motions for default judgment is an affidavit from David Hammond, a "Senior Special Assets Officer for Synovus," of which Sterling Bank is a division. Affidavit (doc. nos. 26-1 & 27-1) at 2. Regarding the promissory note for which both Brobst Medical and Alecia & Chandler are guarantors, Hammond states: "As of November 6, 2015, each of the guarantors was obligated to Sterling Bank regarding the PriMed Note in the principal amount of $ 783,295.96, plus accrued interest of $ 17,835.38, and late fees of $ 500.00, for a total of $ 801,631.34. They are further obligated to Sterling Bank for per diem interest going forward from November 7, 2015 in the amount of $ 92.47 per day, plus attorneys' fees and costs." Id. at 5. As to the credit-card agreement for which both Brobst Medical and Alecia & Chandler are guarantors, Hammond states: "As of November 5, 2015, each of the guarantors was obligated to Sterling Bank regarding the PriMed Credit Card Agreement in the

3

amount of $ 5.457.49. They are further obligated to Sterling Bank for attorneys' fees and costs." Id. at 6.

Also attached to both default-judgment motions is an affidavit from Rodney E. Nolen, an Alabama attorney who primarily practices in the areas of commercial collections and commercial litigation and has been a "Certified Creditor Rights Specialist" for over 20 years. Affidavit (doc. nos. 26-1 & 27-1) at 45. Nolen explains that Brobst Medical's and Chandler & Alecia's guarantor agreements require them to "pay or reimburse Lender for all costs and expenses (including reasonable attorneys' fees and legal expenses) incurred by Lender in connection with the protection, defense or enforcement of this guaranty in any litigation or bankruptcy or insolvency proceedings." Id. at 46. After reviewing the criteria set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), see Affidavit (doc. nos. 26-1 & 27-1) at 47-50, Nolen attests that, "Based upon [his] experience in collection of delinquent commercial loans and

4

debts, . . . attorneys' fees of $ 40,081.57, which is equal to 5 % of the $ 801,631.34 debt owed on the PriMed Note (as guaranteed by the Defendants herein), [and] attorneys' fees of $ 272.87, which is equal to 5 % of the $ 5,457.49 debt owed on the PriMed Credit Card Agreement, . . . [are] appropriate and reasonable in this matter." Affidavit (doc. no. 27-1) at 50-51. (While Sterling Bank attached identical affidavits to each motion for default judgment, the last page of the Nolen affidavit attached to the motion for default judgment against Brobst Medical is missing. See Affidavit (doc. no. 26-1) at 50-51. For this reason, the court here cites only the Nolen affidavit attached to the motion for default judgment against Chandler & Alecia (doc. no. 27-1).)

On November 25, 2015, the court ordered that "Brobst Medical, Inc. show cause, if any there be, in writing by December 11, 2015, as to why the motion for default judgment (doc. no. 26) should not be granted." Order (doc. no. 34) at 1. The same day, the court ordered that "Chandler & Alecia, Inc. show cause, if

any there be, in writing by December 11, 2015, as to why the motion for default judgment (doc. no. 27) should not be granted." Order (doc. no. 35) at 1. The court informed both defendants that, if they "fail[] to respond within the time allowed, default judgment will be entered in the full amount requested." Orders (doc. nos. 34 & 35) at 1.

The December 11th deadline has come and gone, but Brobst Medical and Chandler & Alecia have yet to show cause why judgment should not be entered against them.

As detailed in the factual background provided above, both Brobst Medical and Chandler & Alecia received copies of the complaint and waived formal service of the summons and complaint; failed to respond to the complaint within the time allowed; and failed to respond timely to an order of this court to show cause as to why final judgment should not be entered against it. Accordingly, this court is of the opinion that Sterling Bank's motions for entry of default judgment should be granted and that judgment of default as to

the amount requested should be entered against both Brobst Medical and Chandler & Alecia.

A judgment will be entered in accordance with this opinion.

DONE, this the 19th day of February, 2016.

                      /s/ Myron H. Thompson
                      **UNITED STATES DISTRICT JUDGE**